United States District Court
Northern District of California

1

2

3

4

5

6

7           UNITED STATES DISTRICT COURT

8           NORTHERN DISTRICT OF CALIFORNIA

9

10    THE BOARD OF TRUSTEES, et al.,                    Case No.  22-cv-04824-DMR

11                     Plaintiffs,
                                                        **ORDER GRANTING IN PART AND**
12            v.                                        **DENYING IN PART EX PARTE**
                                                        **APPLICATION TO SERVE**
13    EMPIRE ENGINEERING &                              **DEFENDANT BY PUBLICATION AND**
      CONSTRUCTION, INC.,                               **TO ENLARGE TIME TO SERVE**
14                                                      **DEFENDANT**
                       Defendant.
                                                        Re: Dkt. No. 45
15

16           Plaintiffs Board of Trustees for the Cement Masons Health & Welfare Trust Fund for

17    Northern California et al. move for service by publication of the summons and complaint in this

18    lawsuit against Defendant Empire Engineering & Construction and to extend the service deadline

19    by 60 days.  [Docket No. 45.]

20           Plaintiffs' motion and accompanying declaration are deficient in several respects.  First,

21    the motion does not address any case law on service by publication.  California law allows for

22    service of a summons by publication only "if upon affidavit it appears to the satisfaction of the

23    court . . . that the party to be served cannot with reasonable diligence be served in another manner"

24    of service and "[a] cause of action exists against the party upon whom service is to be made or he

25    or she is a necessary or proper party to the action."  Cal. Civ. Proc. Code § 415.50(a)(1).

26    "Because of due process concerns, service by publication must be allowed 'only as a last resort.'"

27    *Duarte v. Freeland*, No. 05-cv-2780-EMC, 2008 WL 683427, at *1 (N.D. Cal. Mar. 7, 2008)

28    (quoting *Watts v. Crawford*, 10 Cal. 4th 743, 749 n.5 (1995)).  The "reasonable diligence"

1    requirement of section 415.50 "denotes a thorough, systematic investigation and inquiry

2    conducted in good faith by the party or his agent or attorney." *Watts*, 10 Cal. 4th at 749 n.5

3    (citation omitted); *see Kott v. Super. Ct.*, 45 Cal. App. 4th 1126, 1137-38 (1996).  "Before

4    allowing a plaintiff to resort to service by publication, the courts necessarily require him to show

5    exhaustive attempts to locate the defendant, for it is generally recognized that service by

6    publication rarely results in actual notice." *Watts*, 10 Cal. 4th at 749 n.5.  "If a defendant's

7    address is ascertainable, a method of service superior to publication must be employed," such as

8    mail or substitute service.  *Id.* at 749 n.5; *see* Cal. Civ. Proc. Code § 415.10-.40.  Plaintiffs' papers

9    fail to demonstrate their reasonable diligence and exhaustive attempts at service to justify the use

10   of this "last resort" method.  Any renewed motion must include legal citations and proper

11   argument.

12        Additionally, counsel's declaration in support of the motion does not provide any

13   independent evidentiary support for the existence of a cause of action against Defendant.  *See* Cal.

14   Civ. Proc. Code § 415.50(a)(1); *Hernandez v. Srija, Inc.*, No. 19-1813-LB, 2019 WL 4417589, at

15   *2 (N.D. Cal. Sept. 16, 2019); *Cummings v. Brantley Hale*, No. 15-cv-4723-JCS, 2016 WL

16   4762208, at *2 (N.D. Cal. Sept. 13, 2016)).  "Under California law, service by publication is

17   neither appropriate nor valid without such an affidavit."  *Cummings*, 2016 WL 4762208, at *3.

18   Plaintiffs also do not name the newspaper where they request the summons to be published and

19   explain why that newspaper would give Defendant actual notice of this lawsuit.  Cal. Civ. Proc.

20   Code § 415.50(b)-(c); *see* Cal. Gov't Code § 6064.[1]

21        Accordingly, the motion is granted in part and denied in part.  The request to serve by

22   publication is denied without prejudice.  Plaintiffs should be prepared to address all of the

23   deficiencies explained here if they wish to serve the summons and complaint via publication.

24   Plaintiffs shall file a renewed motion or a status report by March 7, 2024.  The deadline to serve

25

26   _____

27   [1] The court notes that it previously denied without prejudice a motion for service by publication
     for many of the same reasons in *Board of Trustees for Laborers Health & Welfare Tr. Fund for N.
     California v. P & J Util. Co.*, No. 21-CV-01075-DMR, 2022 WL 1529408, at *1-2 (N.D. Cal.

28   Apr. 27, 2022).  The plaintiffs in *P & J Utility Company* are represented by the same firm
     representing Plaintiffs in this action.

United States District Court
Northern District of California

United States District Court
Northern District of California

1    Defendant is extended to March 7, 2024.

2              **IT IS SO ORDERED.**

3    Dated: February 7, 2024



4                                                    _____
                                                     Judge Donna M. Ryu
5                                                    Chief Magistrate Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28